**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. LALLEY,<br><br>Defendant. | Criminal Action No.: 10-326 (PGS)<br><br>**OPINION & ORDER** |

**I.   INTRODUCTION**

This matter comes before this Court on Defendant Michael J. Lalley's omnibus pretrial motion.  Defendant requests (1) disclosure of certain *Brady*[1] material, (2) disclosure of *Giglio*[2] material, (3) the striking of surplusage from the indictment, (4) a bill of particulars, and (5) a trial date in January 2011 (Def.'s Br. 3-4.); the government opposes those motions and cross-moves for reciprocal discovery.  (Pl.'s Br. 2,4.)  Oral argument was held on the motions on September 15, 2010.  For the reasons set forth below, Defendant's motion is granted in part and denied in part, and the government's motion is granted.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] *Giglio v. United States*, 405 U.S. 150 (1972).

## II.   FACTS

Defendant has worked for the Newark Police Department for twenty years, and as such, was investigated by the government as a part of an investigation of misconduct within the Newark Police Department. (Pl.'s Br. 1.) During the investigation, Defendant apprised the government of a past sexual relationship with a male, "M.H." (termed "Victim #2" in the Indictment). The government alleges, *inter alia*, that Defendant subsequently contacted and instructed Victim #2 not to reveal to investigators that they had a relationship while Victim #2 was a minor. (Indictment 3-4.)

Subsequently, Defendant was indicted on two counts of obstruction of justice stemming from his relationship with Victim #2 -- with Victim #2, Defendant knowingly attempted to corruptly conceal his past relationship with Victim #2 from agents of the Federal Bureau of Investigation ("F.B.I.") and obstructed and impeded a Grand Jury investigation of the allegations under investigation. On May 20, 2010, Defendant plead not guilty to the two charges. (ECF Docket Entry No. 10.)

## III.   DISCUSSION

### A.   Disclosure of *Brady* Material

In *Brady v. Maryland*, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith prosecution." 373 U.S. at 87. Accordingly, *Brady* mandates

> disclosure by the government of evidence that is both exculpatory and material. Exculpatory evidence includes material that goes to the heart of the defendant's guilt or innocence as well as that which might well alter the jury's judgment of the credibility of a crucial prosecution witness. Evidence impeaching the testimony of a

> government witness is exculpatory when the credibility of the witness may be determinative of a criminal defendant's guilt or innocence. If the exculpatory evidence "creates a reasonable doubt" as to the defendant's culpability, it will be held to be material.

*United States v. Starusko*, 729 F.2d 256, 260 (3d Cir. 1984) (internal citations omitted). However, *Brady* does not require the government "to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." *Id.* at 262.

In *Starusko*, the Court of Appeals for the Third Circuit found that *Brady* required a prosecutor to turn over an F.B.I. report of a witness's statement. *Id.* at 261. Patrick Logan, the source of the F.B.I. report at issue, was "critical to the government's case." *Id.* at 260. Logan had provided the F.B.I. with three statements, which the F.B.I. memorialized in separate reports. *See id.* at 260-61. Initially, Logan made inculpatory statements about Starusko's guilt; however, the next day Logan made exculpatory statements about Starusko; finally, in the third report, Logan repeated his inculpatory statements about Starusko. *Id.* The Court concluded that the second report was "exculpatory, not only because it might well alter the jury's judgment of Logan, but also because its content goes to the heart of the defendant's guilt or innocence." *Id.* at 261. Further, the Court explained that "[b]ecause the second F.B.I. report contains an alleged statement as to the defendant's knowledge that is inconsistent with other statements Logan purportedly made to the F.B.I., it can be used to impeach Logan's credibility." *Id.*

Defendant argues that under *Brady*, the government must disclose the names of witnesses who have provided the F.B.I. with exculpatory statements because such statements are material to the jury's determination of guilt or innocence. (Def.'s Br. 5.) Defendant asserts that it is proper for

the government to disclose the witness statements pursuant to *Starusko*. (*Id.* at 5-6.) The government maintains that it has complied with its *Brady* obligations and contends that reliance on *Starusko* in this instance is misplaced. (Pl.'s Br. 6-9.)

The Court agrees with the government. Defendant has failed to illustrate that Defendant's "colleagues, friends, neighbors, patrons of his bar, employees of the NJ Devils, parents of the children he coached, and acquaintances," are critical to the government's case. Defendant is charged with two counts of obstruction of justice; accordingly, the government's case would logically focus on Defendant's actions and statements rather than on the testimony of the aforementioned potential witnesses. The government has represented to this Court that it has complied with its *Brady* obligations (Pl.'s Br. 8.); nevertheless, should it subsequently discover that a witness critical to its case has made exculpatory statements, which could impeach that witness's credibility pursuant to *Starusko*, the government must disclose the names of those witnesses to Defendant. Defendant's motion is denied.

**B.     Disclosure of *Giglio* Material**

The United States Supreme Court has held that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within" the general rule of *Brady*. *Giglio*, 405 U.S. at 154. Following *Giglio*, the Third Circuit clarified that "[n]o denial of due process occurs if *Brady* material is disclosed to appellees in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983). Furthermore, the Court of Appeals for the Third Circuit has found that disclosure of witness-credibility evidence at the time of trial is satisfactory. *Id.*

4

Pursuant to *Giglio*, Defendant seeks information on Victim #1, Victim #2, Individual #1, and Individual #2; specifically, whether any of those potential witnesses (1) have used false (a) dates of birth, (b) names (aliases), (c) addresses, (d) Social Security numbers, or (e) other personal identifying information; or (2) have (a) criminal records or (b) a history of drug and alcohol use. (Def.'s Br. 7.) The government confirms that it is aware of its obligation to disclose *Giglio* material, but asserts that immediate disclosure of such information is unreasonable because the government has not yet determined which witnesses will testify during its case-in-chief. (Pl.'s Br. 10.) Defendant has failed to articulate to this Court why disclosure of the desired information this far in advance of trial is necessary so that it can be effectively used to impeach credibility at trial. Therefore, in light of this Court's discretionary authority to decide when to compel the disclosure of *Giglio* material, Defendant's motion is denied. Disclosure of *Giglio* material should occur prior to a witness's testimony such that no delay will occur at trial.[3]

### C. The Striking of Surplusage from the Indictment

Upon a defendant's motion, a court may strike surplusage from an indictment. Fed. R. Crim. P. 7(d). As noted in the Advisory Committee's Note to Rule 7(d), the rule "introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Similarly, the United States Supreme Court has instructed that an indictment must contain "the elements of the offense charged," to enable a defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court of Appeals for the Third Circuit, has instructed

---

[3] The government indicated at oral argument that it would disclose *Giglio* material, if such exists, one week prior to trial.

that following a defendant's timely motion, a court is permitted to "strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial." *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006).  Further, it is proper for an indictment to include matters that the government intends to prove at trial, "even if they are not essential elements of the crime charged," so long as "it is in a general sense relevant to the overall scheme charged in the indictment." *United States v. Giampa*, 904 F. Supp. 235, 271-72 (D.N.J. 1995) (internal quotation marks and citation omitted).

     Defendant raises two objections to language in the indictment.  First, Defendant argues that details in the indictment related to the prior "Allegations Under Investigation," are irrelevant and prejudicial because they refer to other individuals charged with crimes that are unrelated to Defendant and to other uncharged crimes. (Def.'s Br. 8-9.)  Second, Defendant complains that the indictment's reference to Victim #1 and Victim #2 are irrelevant and prejudicial because Defendant is not being charged with any criminal activity in which those individuals were alleged victims. (*Id.* at 9-10.)  The government contends that the details termed the "Allegations Under Investigation" are relevant and material to the indictment because an indictment must contain the elements of the offense charged and to establish obstruction of justice, the government must show that Defendant and other officers were being investigated by a Federal Grand Jury and federal law enforcement authorities. (Pl.'s Br. 13-14.)  Additionally, "Victim" is not prejudicial because at trial the jury will hear testimony that those particular individuals were victimized by Defendant. (*Id.* at 14-15.)

     Applying, the standard set forth in *Hegepeth*, it is clear that the details described as "Allegations Under Investigation," are relevant and material to the government's ability to establish

the obstruction charges against Defendant. Count One of the indictment charges Defendant with violating 18 U.S.C. § 1512(b)(3). (Indictment 1.) To establish such a violation, the government must show Defendant attempted to "prevent the communication between [a] person and law enforcement authorities concerning the commission or possible commission of an offense." *United States v. Guadalupe*, 402 F.3d 409, 412 (3d Cir. 2005). Likewise, to establish Count Two, violation of 18 U.S.C. § 1512(c)(2), the government must show Defendant attempted to obstruct, influence, or impede an official proceeding before a Federal Grand Jury. At trial, the government will necessarily have to prove that a Grand Jury had convened to determine whether an indictment should issue for the "Allegations Under Investigation." While the underlying alleged crimes are not essential elements for the obstruction of justice charges currently before this Court, the nature of the allegations brought before the Grand Jury for its consideration, are nevertheless relevant to the overall scheme of the obstruction charges in the current indictment. *See Giampa*, 904 F. Supp. at 271-72. Defendant's motion to strike the details of the "Allegations Under Investigation" is denied.[4]

Defendant's motion to strike the use of Victim #1 and Victim #2, however, is granted. The use of the term "Victim" is irrelevant and immaterial to establishing the charges against Defendant because it is not necessary for the government to establish that Defendant committed a crime against one of the alleged "Victims" in order to sustain the obstruction charges; in light of that, the use of the term "Victim" to label individuals related to the indictment is prejudicial. Additionally, the government has not put forth any precedential support within the Third Circuit that establishes that

---

[4] Nevertheless, although no decision has been made, Defendant may request a limiting instruction.

7

the use of "Victim" is irrelevant and not prejudicial. Therefore, the term "Victim" should be struck from the indictment and either the initials of each individual or the use of "Individual #1" and "Individual #2"should replace Victim #1 and Victim #2.

### D. The Issuance of a Bill of Particulars

Pursuant to Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "The purpose of a bill of particulars is to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (internal quotation marks and citation omitted). A bill of particulars is "intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation"; it is not meant to "provide the defendant with the fruits of the government's investigation." *United States v. Gagliardi*, 285 Fed. Appx. 11, 20 (3d Cir. 2008) (internal quotation marks and citation omitted). Further, when the government provides the defendant with discovery, the need for a bill of particulars is obviated. *Urban*, 404 F.3d at 772 (citation omitted); *see also United States v. Caruso*, 948 F.Supp. 382, 393 (D.N.J. 1996) (explaining that "when discovery provided by the government fills in the outline of the indictment, the necessity for a bill of particulars declines" (citation omitted)). Nevertheless, a bill of particulars may be ordered, where "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).

Defendant moves for a bill of particulars, which would set forth additional information on (1) the specific matters that Defendant attempted to conceal from the Grand Jury investigation; (2) the nature, length, and alleged legality or illegality of the relationship between the Defendant and Victim #2; and (3) the matters that Defendant is alleged to have attempted to conceal. (Def.'s Br. 12.) The government maintains that the indictment informs Defendant of the charges against him and enables him to adequately prepare a defense. (Pl.'s Br. 20.) A review of the eight-page indictment that charges Defendant with two counts of obstruction of justice reveals that Defendant has been adequately apprised of the nature of the charges against him. To support the two charges, the government summarized four different phone calls between Defendant and Victim #2, complete with dates, times, and quotes. (Indictment). Moreover, the government has provided discovery to defendant, including transcripts of consensually recorded phone conversations of Defendant, which obviates the need for a bill of particulars. Accordingly, Defendant's motion is denied.

### E. Trial Date

Defendant requests that the Court schedule trial in or after January 2011 because Defense Counsel will be on trial through November 2010 and will need time to prepare for Defendant's trial. (Pl.'s Br. 13.) The government stated that while a speedy trial serves the public interest, it will defer to the Court and Defense Counsel's schedule for the selection of a trial date. (Def.'s Br. 21.) At oral argument, the Court scheduled trial to commence on January 11, 2011.

### F. Reciprocal Discovery

Rule 16(b)(1)(A) allows for reciprocal discovery between the United States and a defendant. Government compliance with a defendant's request for disclosure under Rule 16(a)(1)(E), entitles

the government, upon request, "to inspect and to copy or photograph books, papers, documents, data photographs, tangible objects, buildings or places, or copies or portions of any of these items." Fed. R. Crim. P. 16(b)(1)(A). Since the government has made discovery available to Defendant, it is entitled to pretrial, reciprocal discovery from Defendant. The government's motion is granted.

### IV. CONCLUSION AND ORDER

For the forgoing reasons, it is on this 1st day of October 2010, **ORDERED** that Defendant's motion for disclosure of *Brady* and *Giglio* material and for a bill of particulars is denied (ECF No. 14.); Defendant's motion to strike surplusage from the indictment is granted in part and denied in part (ECF No. 14.); Defendant's motion for a trial date in January 2011 is granted (ECF No. 14.); and the government's motion for reciprocal discovery is granted (ECF No. 15.).

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.